**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AYALA and MOSHE NIV<br><br>                Plaintiffs,<br><br>V.<br><br>FEDERAL NATIONAL<br>MORTGAGE ASSOCIATION<br>a/k/a FANNIE MAE<br><br>                Defendant. | **AMENDED NOTICE**<br>**OF REMOVAL**<br><br>**CIVIL ACTION NO.:**<br>**1:25-cv-01570-KMW-AMD**<br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S**
**AMENDED NOTICE OF REMOVAL**

Defendant named as Federal National Mortgage Association a/k/a Fannie Mae, more properly pled as Federal National Mortgage Association (hereinafter referred to as "Fannie Mae"), through its undersigned counsel, Goldberg Segalla LLP, now files this Amended Notice of Removal under 28 U.S.C. §§ 1441(a) and (b) in continuing support of removing this action from the Superior Court of New Jersey, Civil Division, Camden County, where it was pending as of the time the original Notice of Removal was filed on February 28, 2025, to the United States District Court for the District of New Jersey. Fannie Mae, in support thereof, avers as follows:

1. On February 18, 2025, Plaintiffs Ayala and Moshe Niv ("Plaintiffs") initiated a civil action against Fannie Mae pending in the Superior Court of New Jersey, Civil Division, Camden County, Docket No. CAM-L-000528-25. *See* Plaintiffs' Complaint as Exhibit "A".

2. The Complaint was served on Fannie Mae on February 19, 2025.

3. The state court wherein Plaintiffs originally filed this action is located in Camden County, New Jersey, which is embraced within this federal judicial district.

1

4. Removal from the Superior Court, Civil Division, Camden County is proper under 28 U.S.C. §§ 1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States have original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought." *See* 28 U.S.C. §§ 1441(a) and (b).

5. This Court has original jurisdiction over the subject matter of this dispute under 28 U.S.C. § 1332 as the parties are citizens of different states and the matter in controversy exceeds $75,000 as set forth below.

6. Plaintiffs are citizens and residents of Vorhees, New Jersey. *See* Ex. "A" at ¶ 7.

7. Under 12 U.S.C. § 1717(a)(1), Fannie Mae maintains its principal place of business in Washington, D.C. and shall be deemed, for purposes of venue in civil actions, to be a resident thereof. *See* 12 U.S.C. § 1717(a)(1).

8. In this unjust enrichment action, Plaintiffs claim that they committed a significant financial investment in a property located at 210 Mimosa Drive, Cherry Hill, New Jersey 08003 (the "Property"). Allegedly, Plaintiffs reasonably expected to purchase the Property, which was in turn sold to a different party at a higher price because of Plaintiffs' investment. *See* Exhibit **"A"** at ¶¶ 1-6.

9. Indeed, Plaintiffs allege that when they decided to make the improvements in the Property, they did so based on the expectation and understanding that they would eventually be permitted to purchase the Property. *See* Exhibit "A" at ¶¶ 35-39. Plaintiffs claim that Fannie Mae was aware of this expectation and never took steps to correct it. Plaintiffs contend that had they known that they would not ultimately be permitted to purchase the Property, they would not have spent the time and money necessary to make such improvements. *See* Exhibit "A", at ¶¶ 35-39.

10. Plaintiffs demand judgment for damages against Fannie Mae, awarding Plaintiffs "restitution in an amount to be determined at trial, representing the increase in value of the Property that resulted from the Improvements" and "other and further relief as the Court deems necessary and proper." *See* Exhibit "A" at Prayer for Relief clause, p. 7.

11. On February 19, 2025, Plaintiffs' counsel provided a settlement demand of $100,000. *See* Exhibit "B".

12. On February 27, 2025, Fannie Mae sent Plaintiffs via regular mail a Stipulation to Limit Damages to $75,000 and advised Plaintiffs that if they did not execute the Stipulation immediately, Fannie Mae would remove this matter to this Court. An additional copy of this Stipulation was sent via email to Plaintiffs' counsel on March 3, 2025. *See* Exhibit "C".

13. To date, Plaintiffs have yet to execute the Stipulation.

14. The U.S. Supreme Court has held that a defendant's notice of removal need only include a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

15. Based on Plaintiffs' unjust enrichment allegations and corresponding economic damages claims, Plaintiffs' assertion that they invested significant money and resources to improve the property, Plaintiffs' settlement demand of $100,000.00, and Plaintiffs not executing the Stipulation to Limit Damages to $75,000, Fannie Mae can aver with confidence that Plaintiffs are seeking an amount in excess of $75,000 in this action and the jurisdictional threshold under 28 U.S.C. § 1332 is met. *See* Exhibits "A" – "C".

16. Thus, removal from the Superior Court of New Jersey, Civil Division, Camden County is proper under 28 U.S.C. §§ 1441(a) and (b).

17. Plaintiffs filed their Complaint on February 18, 2025, and it was served on Fannie Mae on February 19, 2025. *See* Exhibit "A". Fannie Mae filed a Notice of Removal on February 28, 2025, and the Notice of Removal, therefore, was timely filed by Fannie Mae within 30 days of service under 28 U.S.C. § 1446(b)(1).

18. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. § 1332 as the parties are citizens of different states and the matter in controversy exceeds $75,000 as set forth above.

19. Based on Plaintiffs' unjust enrichment allegations and corresponding economic damages claims, Plaintiffs' assertion that they invested significant economic resources to improve the property, Plaintiffs' settlement demand of $100,000, and Plaintiffs not executing the Stipulation to Limit Damages to $75,000, the Court can be assured that Plaintiffs are seeking an amount in excess of $75,000 as Fannie Mae has so plausibly alleged. *See* Exhibits "A" – "C"; *see also Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 554.

20. Based on the foregoing, Fannie Mae has met the requirements of 28 U.S.C. §§ 1441(a) and (b), 1332 and the within matter is properly removable.

**WHEREFORE**, Defendant Federal National Mortgage Association respectfully requests that this action, which was properly removed from the Superior Court of New Jersey, Civil Division, Camden County on February 28, 2025, and which is pending in the U.S. District Court for the District of New Jersey under docket number 1:25-cv-01570-KMW-AMD, remain in said court.

IMANAGE\5080\0128\50345351.v1-3/5/25

                                                      **GOLDBERG SEGALLA LLP**

Dated: March 5, 2025        By:   */s/John M. McConnell*
                                                 JOHN M. MCCONNELL, ESQ.
                                                 301 Carnegie Center Drive, Suite 200
                                                 Princeton, NJ 08540-6587
                                                 T: 609.986.1326
                                                 F: 609.986.1301
                                                 *Attorneys for Defendant named as*
                                                 *Federal National Mortgage Association*
                                                 *a/k/a Fannie Mae, more properly pled as*
                                                 *Federal National Mortgage Association*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AYALA and MOSHE NIV | : |
| | : |
| | : |
| | : CIVIL ACTION NO.: |
| Plaintiffs, | : 1:25-cv-01570-KMW-AMD |
| | : |
| V. | : CERTIFICATE OF SERVICE |
| | : |
| FEDERAL NATIONAL | : |
| MORTGAGE ASSOCIATION | : |
| a/k/a FANNIE MAE | : |
| | : |
| | : |
| | : |
| Defendant. | : |
| | : |

    I, John M. McConnell, hereby certify that on this day I caused to be served a true and correct copy of the foregoing Amended Notice of Removal and supporting documents upon Plaintiff's counsel via email as follows:

**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**
Jason A. Levine, Esq.
1415 Route 70 East, Suite 405
Cherry Hill, NJ 08034
*Attorneys for Plaintiffs*

**GOLDBERG SEGALLA LLP**

Dated: March 5, 2025  By:  */s/John M. McConnell*
JOHN M. MCCONNELL, ESQ.
301 Carnegie Center Drive, Suite 200
Princeton, NJ 08540-6587
T: 609.986.1326
F: 609.986.1301
jmcconnell@goldbergsegalla.com
*Attorneys for Defendant named as*
*Federal National Mortgage Association*
*a/k/a Fannie Mae, more properly pled as*
*Federal National Mortgage Association*

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AYALA and MOSHE NIV | : |
| | : |
| | : |
| | : **CIVIL ACTION NO.:** |
| Plaintiffs, | : **1:25-cv-01570-KMW-AMD** |
| | : |
| V. | : **NOTICE OF APPEARANCE** |
| | : **JOHN M. MCCONNELL, ESQ.** |
| FEDERAL NATIONAL | : |
| MORTGAGE ASSOCIATION | : |
| a/k/a FANNIE MAE | : |
| | : |
| | : |
| | : |
| Defendant. | : |
| | : |

**PLEASE TAKE NOTICE** that the undersigned counsel hereby enters an appearance as counsel of record on behalf of Defendant named as Federal National Mortgage Association a/k/a Fannie Mae, more properly pled as Fannie Mae in the above-entitled action.

**PLEASE TAKE FURTHER NOTICE** that copies of all papers served in this matter should be served upon the undersigned.

                                                           **GOLDBERG SEGALLA LLP**

Dated: March 5, 2025           By:    */s/John M. McConnell*
                                                       JOHN M. MCCONNELL, ESQ.
                                                       301 Carnegie Center Drive, Suite 200
                                                       Princeton, NJ 08540-6587
                                                       T: 609.986.1326
                                                       jmcconnell@goldbergsegalla.com
                                                       *Attorneys for Defendant named as
                                                       Federal National Mortgage Association
                                                       a/k/a Fannie Mae, more properly pled as
                                                       Federal National Mortgage Association*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AYALA and MOSHE NIV | : |
| | : |
| | : |
| | : **CIVIL ACTION NO.:** |
| Plaintiffs, | : **1:25-cv-01570-KMW-AMD** |
| | : |
| V. | : **JURY DEMAND** |
| | : |
| FEDERAL NATIONAL | : |
| MORTGAGE ASSOCIATION | : |
| a/k/a FANNIE MAE | : |
| | : |
| | : |
| | : |
| Defendant. | : |

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 38, the Defendant Federal National Mortgage Association hereby demands a Jury trial in this matter, on all issues triable by jury.

**GOLDBERG SEGALLA LLP**

Dated: March 5, 2025  By:  */s/John M. McConnell*
JOHN M. MCCONNELL, ESQ.
301 Carnegie Center Drive, Suite 200
Princeton, NJ 08540-6587
T: 609.986.1326
F: 609.986.1301
jmcconnell@goldbergsegalla.com
*Attorneys for Defendant named as*
*Federal National Mortgage Association*
*a/k/a Fannie Mae, more properly pled as*
*Federal National Mortgage Association*